## MIRSKY v. ADLER.

(Supreme Court, Appellate Term. July 1, 1910.)

THEATERS AND SHOWS (§ 6*)—LIABILITY FOR INJURY TO PERSON ATTENDING—EVIDENCE.

Plaintiff, in an action for injury from the fall of a piece of iron from a balcony in a theater on a Sunday, does not establish that the theater was under defendant's control at the time, so as to make him liable, from the fact that defendant leased it to another, reserving the right to use it on Sundays; it not being enough to show that he had a right to use it at the time of the accident, especially in view of evidence that he had leased it to still another for Sundays.

[Ed. Note.—For other cases, see Theaters and Shows, Dec. Dig. § 6.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Abraham Mirsky against Jacob P. Adler. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and BIJUR, JJ.

Meyer London, for appellant.
J. A. Seidman, for respondent.

PER CURIAM. The plaintiff has recovered a judgment for injuries which he claims he suffered by reason of being struck with a piece of iron alleged to have fallen from a balcony in the Grand Theater, in which the plaintiff was seated.

The evidence does not establish that the theater was under the defendant's control at the time the accident happened. To establish his case, the plaintiff relied upon a lease whereby the defendant leased the theater to a third party, reserving to himself the right to use the theater on Sundays. Upon the proof presented, the inference that the defendant was in control of the theater at the time the accident happened

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

was not justified. In order to charge the defendant with liability, it was necessary for the plaintiff to do more than show that the defendant had the right to hold performances in the theater at the time the accident occurred.

The defendant proved that he had leased to the Windsor Theater Company the right to hold Sunday performances, and offered evidence to show that the Windsor Theater Company had possession and control of the theater on the day of the accident.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.